IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JAMES JACKSON, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:14-09173 |
| ) | |
| **BECKLEY DEPARTMENT OF MOTOR** ) | |
| **VEHICLES,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed *in Forma Pauperis*. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

On February 10, 2014, Plaintiff, acting *pro se*, filed his Complaint naming the Beckley Department of Motor Vehicles as the Defendant. (Document No. 2.) In his Complaint, Plaintiff alleges as follows:

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> On May 2, 2013, I went to switch and renew my CDLA Drivers License and I was denied my license. I filled out applications three times. They said they would call me when Charleston clears them. When I finally went back, I was told there was nothing they could do for me. I'm filing on the grounds of discrimination.

(Id., p. 4.) As relief, Plaintiff requests that the Court "reinstate [his] CDLA license" and award him monetary damages. (Id., p. 5.)

As Exhibits, Plaintiff attaches the following: (1) Plaintiff's "Application for Commercial Driver's License and/or Endorsement" (Id., pp. 8 - 9.); (2) A copy of Plaintiff's "Certification of Birth" (Id., p. 10.); (3) A copy of Plaintiff's "Medical Examination Report for Commercial Driver Fitness Determination" (Id., p. 11.); and (4) A copy of Plaintiff's "DOT Medical Certificate" (Id., p. 12.).

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising his Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to

state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## **DISCUSSION**

In submitting his Complaint, Plaintiff is required to comply with the general rules of pleading as set forth at Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

**(1)** a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint is not in compliance with Rule 8(a). Plaintiff makes no statement respecting the grounds for the Court's jurisdiction and does not allege facts and circumstances

showing that he is entitled to relief. Liberally construing Plaintiff's Complaint, the undersigned believes that he is attempting to allege a claim of discrimination under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.* Title II provides, in pertinent part, that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To establish a Title II claim a plaintiff must plead a *prima facie* case by showing (1) he is a member of a protected class, (2) he attempted to contract for services and afford himself of the full benefits and enjoyment of a public accommodation, (3) he was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to a similarly situated person outside his protected class who received benefits or was treated better. Acey v. Bob Evans Farms, Inc., 2014 WL 989201 (S.D.W.Va. March 13, 2014(J. Johnston)(citation omitted). Plaintiff's Complaint, however, fails to allege adequate facts to establish a claim of discrimination under Title II. Plaintiff's Complaint merely alleges that the Beckley DMV denied him his CDL license based "on grounds of discrimination." (Document No. 2, p. 4.) The foregoing is insufficient to state a claim for relief because Plaintiff does not allege that the Beckley DMV denied him the CDL license because he is a member of a protected class. Further, Plaintiff does not alleges that a similarly situated person outside his protected class was granted a CDL license by the Beckley DMV. Plaintiff's legal conclusion that the Beckley DMV discriminated against him is insufficient. Based on the foregoing, the undersigned recommends that Plaintiff's Complaint be dismissed for failure to state a claim for which relief can be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and

accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: December 17, 2015.

R. Clarke VanDervort
United States Magistrate Judge